UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Michael J. Melfi, Sr. | § | Case No. 11-18384 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on           . The case was converted to one under Chapter 7 on             . The undersigned trustee was appointed on            .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                  $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                  $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was            and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $        , for a total compensation of $        [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $      , and now requests reimbursement for expenses of $      , for total expenses of $        [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/DEBORAH M. GUTFELD_____
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-18384 | JPC | Judge: | Jacqueline P. Cox | Trustee Name: | DEBORAH M. GUTFELD |
|---|---|---|---|---|---|---|
| Case Name: | Michael J. Melfi, Sr. | | | | Date Filed (f) or Converted (c): | 02/21/2012 (c) |
| | | | | | 341(a) Meeting Date: | 03/29/2012 |
| For Period Ending: | 11/01/2013 | | | | Claims Bar Date: | 07/02/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1740 73rd Avenue, Elmwood Park, IL | 230,000.00 | 12,000.00 | | 0.00 | FA |
| 2. 3306 Pipestone Road, Soduc, MI 49126 | 105,000.00 | 20,726.63 | | 0.00 | FA |
| 3. 7321 W. Fullerton, Unit 9, Elmwood Park, IL 60707 | 85,000.00 | 85,000.00 | | 43,000.00 | FA |
| 4. Cash | 7.00 | 7.00 | | 0.00 | FA |
| 5. Checking Account at Ravenswood Bank | 4,000.00 | 4,000.00 | | 0.00 | FA |
| 6. Household Goods | 1,500.00 | 1,500.00 | | 0.00 | FA |
| 7. Books and pictures | 100.00 | 100.00 | | 0.00 | FA |
| 8. Wearing Apparel | 200.00 | 200.00 | | 0.00 | FA |
| 9. Watch, ring | 100.00 | 100.00 | | 0.00 | FA |
| 10. Shotgun, 2 handguns, digital camera | 400.00 | 400.00 | | 0.00 | FA |
| 11. Interests in insurance policy | 0.00 | 0.00 | | 0.00 | FA |
| 12. IRA at Stifel Nicolaus | 5,541.29 | 5,541.29 | | 0.00 | FA |
| 13. 100% ownership of Melpap, Ltd. - no value | 0.00 | 0.00 | | 0.00 | FA |
| 14. 2001 GMC Jimmy - 115,000 miles | 2,000.00 | 2,000.00 | | 0.00 | FA |
| 15. 2002 Hyndai Elantra - 74,000 miles | 2,000.00 | 2,000.00 | | 0.00 | FA |
| 16. 1999 Dodge Van - 100,000 miles | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 17. 2 1957 Chevrolets | 65,000.00 | 65,000.00 | | 16,500.00 | FA |
| 18. 1961 Chevrolet Impala | 20,000.00 | 20,000.00 | | 16,500.00 | FA |
| 19. 1967 Chevrolet Impala - not restored | 3,500.00 | 3,500.00 | | 0.00 | FA |
| 20. 1966 Ford Mustang | 15,000.00 | 15,000.00 | | 0.00 | FA |
| 21. 2 dogs | 1.00 | 1.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $540,349.29 | $238,075.92 | $76,000.00 | $0.00 |
|---|---|---|---|---|
| | | | (Total Dollar Amount in Column 6) | |

Exhibit A

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Assets fully administered.  In process of preparing TFR.


Initial Projected Date of Final Report (TFR): 12/31/2013        Current Projected Date of Final Report (TFR): 12/31/2013

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 11-18384 | Trustee Name: DEBORAH M. GUTFELD |
| Case Name: Michael J. Melfi, Sr. | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX6326 |
| | Checking |
| Taxpayer ID No: XX-XXX7421 | Blanket Bond (per case limit): $100,000.00 |
| For Period Ending: 11/01/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/13/13 | | BMO Harris Bank<br>Remitter Ian Boshes | Purchase of 1957 Chevy and 1961 Chevy | | $33,000.00 | | $33,000.00 |
| | | | Gross Receipts         $33,000.00 | | | | |
| | 17 | | 2 1957 Chevrolets       $16,500.00 | 1129-000 | | | |
| | 18 | | 1961 Chevrolet Impala   $16,500.00 | 1129-000 | | | |
| 03/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $23.73 | $32,976.27 |
| 04/05/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $49.02 | $32,927.25 |
| 04/09/13 | | Chicago Title and Trust Company<br>10 S LaSalle Street<br>Chicago, IL 60603 | Net proceeds to seller for 7321 W. Fullerton Ave., Unit 9 | | $26,897.43 | | $59,824.68 |
| | | | Gross Receipts         $43,000.00 | | | | |
| | | Earnest Money | ($1,700.00) | 2500-000 | | | |
| | | Jan 1 - Apr 8 2013 Real Estate Taxes | ($683.06) | 2500-000 | | | |
| | | 2012 2nd Install Real Estate Taxes | ($1,318.11) | 2500-000 | | | |
| | | Escrow Fee | ($400.00) | 2500-000 | | | |
| | | Title Insurance | ($750.00) | 2500-000 | | | |
| | | Closing Protection Letter Seller | ($50.00) | 2500-000 | | | |
| | | Commitment Update Fee | ($100.00) | 2500-000 | | | |
| | | Transfer Tax - State of Illinois | ($43.00) | 2500-000 | | | |
| | | County Tax - Cook County | ($21.50) | 2500-000 | | | |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*               Page Subtotals:                $59,897.43          $72.75

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 11-18384 | Trustee Name: DEBORAH M. GUTFELD | |
| Case Name: Michael J. Melfi, Sr. | Bank Name: Associated Bank | |
| | Account Number/CD#: XXXXXX6326 | |
| | Checking | |
| Taxpayer ID No: XX-XXX7421 | Blanket Bond (per case limit): $100,000.00 | |
| For Period Ending: 11/01/2013 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| | | Remax Vision Commission | ($880.00) | 3991-000 | | | |
| | | 2011 Real Estate Taxes | ($2,543.12) | 2500-000 | | | |
| | | 2012 1st Installment Real Estate Taxes | ($1,225.01) | 2500-000 | | | |
| | | Tax Payment Fees (2 Installments) | ($100.00) | 2500-000 | | | |
| | | Duplicate Tax Bills (2) | ($10.00) | 2500-000 | | | |
| | | Obtain Local Transfer Stamp | ($350.00) | 2500-000 | | | |
| | | Village of Elmwood Park - City Transfer Taxes | ($215.00) | 2500-000 | | | |
| | | Locksmith Fee | ($125.00) | 2500-000 | | | |
| | | Cook County Collector - 2010 1st Installment Open Item | ($2,436.15) | 2500-000 | | | |
| | | MGR Title Services - Obtain and Pay 2010 Open Items | ($110.00) | 2500-000 | | | |
| | | 7321 West Fullerton Condominium Association Assessments | ($2,551.44) | 2500-000 | | | |
| | | Cook County Collector - 2010 2nd Install. Open Item | ($491.18) | 2500-000 | | | |
| | 3 | | 7321 W. Fullerton, Unit 9, Elmwood Park, IL 60707 | $43,000.00 | 1110-000 | | | |
| 05/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $74.45 | $59,750.23 |
| 06/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.83 | $59,661.40 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*  Page Subtotals: $0.00  $163.28

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-18384 | Trustee Name: | DEBORAH M. GUTFELD |
| Case Name: | Michael J. Melfi, Sr. | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX6326 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX7421 | Blanket Bond (per case limit): | $100,000.00 |
| For Period Ending: | 11/01/2013 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/08/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $85.84 | $59,575.56 |
| 07/09/13 | | Kentland Bank Thad Thomas | | 1129-000 | $3,000.00 | | $62,575.56 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $62,897.43 | $321.87 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $62,897.43 | $321.87 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $62,897.43 | $321.87 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 7)*    Page Subtotals:    $3,000.00    $85.84

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6326 - Checking | $62,897.43 | $321.87 | $62,575.56 |
| | $62,897.43 | $321.87 | $62,575.56 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $16,102.57 |
| Total Net Deposits: | $62,897.43 |
| Total Gross Receipts: | $79,000.00 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-18384
Case Name: Michael J. Melfi, Sr.
Trustee Name: DEBORAH M. GUTFELD

Balance on hand  $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 9 | Cook County Treasurer | $ | $ | $ | $ |

Total to be paid to secured creditors  $_____

Remaining Balance  $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DEBORAH M. GUTFELD | $ | $ | $ |
| Attorney for Trustee Fees: Perkins Coie LLP | $ | $ | $ |
| Other: Office Of The U. S. Trustee | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $          must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 11 | Amcore/Digrazia | $ | $ | $ |

Total to be paid to priority creditors    $_____

Remaining Balance    $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be     percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ | $ | $ |
| 2 | N. A. Chase Bank Usa | $ | $ | $ |
| 3 | N. A. Chase Bank Usa | $ | $ | $ |
| 4 | N. A. Chase Bank Usa | $ | $ | $ |
| 5 | Na As Successor In Interest To Fia Card Services | $ | $ | $ |
| 6 | N. A. Capital One Bank (Usa) | $ | $ | $ |
| 10 | Amcore/Digrazia | $ | $ | $ |
| 12 | N. A. Fia Card Services | $ | $ | $ |
| 13 | N. A. Fia Card Services | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 14 | Michael Raisanen | $ | $ | $ |

    Total to be paid to timely general unsecured creditors     $_____

    Remaining Balance     $_____


    Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

    Tardily filed general (unsecured) claims are as follows:

NONE


    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE